JOHN L. KERR AND OTHERS
ADMRS. D. B. N. OF SAMUEL HARRISON,  }  SEPTEMBER TERM, 1848.
                      VS.
ROBERT N. MARTIN AND OTHERS.

[PRACTICE IN CHANRERY.]

PROOF taken under an *ex parte* commission cannot be read against defendants who answered an original bill, though they failed to answer a bill of revivor in the same case and an interlocutory decree was passed against them for such default.

[The facts of this case are stated in the opinion of the Chancellor.]

THE CHANCELLOR :

In this case a bill was filed by John Leeds Kerr, executor of Samuel Harrison, on the 8th of January, 1841, for the purpose of obtaining a decree for the sale of the real estate of Lloyd Nicholas upon the allegation of the insufficiency of the personalty.

After answers were filed to this bill, putting the plaintiff to the proof of his claim, and requiring him to show his title, to have recourse to the real estate of the deceased, the plaintiff in the cause died, and a bill of revivor was filed in the names of the administrators, *de bonis non*, of Harrison.

Some of the defendants answered this bill of revivor, but others of them being in default for not appearing and answering an interlocutory decree passed against them on the 28th of February, 1846, and an *ex parte* commission issued to prove the allegations of the original bill and bill of revivor. The commission issued accordingly, and having been returned, the case is now submitted by the plaintiff for a decree upon the proof taken under it, and notes are put in by the solicitors of the parties.

The defendant's counsel insists either that the case is not ready for a decree, and if now ready to be heard, it must be heard as if no proof was taken.

My opinion is, that the proof taken under the *ex parte* commission cannot be read against the defendants who answered the original bill, in support of the allegations of that bill. Upon looking at these answers, it will be found that the plaintiffs are put to the proof of their claim, and are required by evidence to establish their title to a decree. Now, although some of these defendants were in default in not answering the bill of revivor, it seems to me impossible to make out that their default in that particular shall deprive them of the benefit of their answers to the original bill, and that they have forfeited the right to have notice of the execution of the commission issued for the purpose of supporting the allegations of that bill, and yet all the proof taken in this cause in support of the original and bill of revivor has been *ex parte*, and without notice to any of the defendants. The defendants who had answered the original bill were not in default as to that bill, and there is nothing in the first section of the act of 1820, ch. 161, which would authorize an *ex parte* proceeding against them to support by proof the allegations of that bill.

But some of the defendants had answered the bill of revivor, and as to them confessedly the proof taken under the *ex parte* commission could not be read. The second section of the act of 1836, ch. 128, will not help the case. That act only in the cases specified therein making proof taken under a commission in chief evidence against defendants in default.

My opinion, therefore, is, that this case is not now ready. It is, thereupon, this 13th of November, 1848, ordered, that it stand over, with liberty to the parties to proceed as they may be advised, and as the condition of the cause may require.

A. RANDALL and N. HAMMOND, for Complainants.
THOS. S. ALEXANDER, for Defendants.